# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:24-CR-00227 |
| PAUL RAYMOND ROSS, | (MEHALCHICK, J.) |
| Defendant. | |

## MEMORANDUM

Pending before the Court is Defendant Paul Raymond Ross's ("Ross") motion for a bill of particulars. (Doc. 18). For the following reasons, Ross's motion is **DENIED**.

### I. FACTUAL BACKGROUND

Ross currently resides in the Philippines. (Doc. 19, at 1-2; Doc. 24, at 3-4). On April 18, 2008, in the United States District Court for the Northern District of New York, Ross pleaded guilty in to attempting to extort an individual known as "K.D." through threating communications. (Doc. 1, ¶¶ 3-4). In 2013, the Government charged Ross in the Northern District of New York with internet stalking. (Doc. 1, ¶¶ 5-6). Ross later pleaded guilty to this charge and admitted that "he stalked K.D. in violation of federal law and that he engaged in these actions intending to financially damage K.D. and cause K.D. emotional distress." (Doc. 1, ¶ 6). In the instant case, the Government alleges that between June 4, 2022, and August 13, 2024, Ross posted threatening photographs, slogans, and statements about K.D. on the internet to retaliate against her for communicating with law enforcement. (Doc. 1, ¶ 8). The Government also alleges that during this time, Ross attempted to extort K.D. through the "wrongful use of fear including fear of economic loss." (Doc. 1, ¶ 10). On August 28, 2024,

the Government indicted Ross on charges of unlawful retaliation and extortion. (Doc. 1). Ross has not yet been arraigned on these charges because he is currently in the Philippines. (Doc. 5; Doc. 19, at 3-4; Doc. 24, at 5).

## II.    STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(f) states:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

A bill of particulars is used to advise a defendant of the nature of charges against him, to assist in the adequate preparation of his defense, and to avoid surprises during trial. "*United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citing *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir. 1971). The bill of particulars is not a discovery tool, but is a detailed statement of the charges brought by the prosecutor. *United States v. Smukler*, 330 F. Supp. 3d 1050, 1066 (E.D. Pa. 2018); *see also United States v. Manfredi*, 628 F. Supp. 2d 608, 634 (W.D. Pa. 2009).

District courts have discretion over whether to grant a bill of particulars, and a motion seeking such a bill should only be granted if an indictment fails to provide information that significantly impairs a defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. *See United States v. Tutis*, 216 F. Supp. 3d 467, 484 (D.N.J. 2016); *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)); *see Urban*, 404 F.3d at 771-72. Courts must balance a defendant's interest in receiving additional information about his case with "numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the [G]overnment to commit itself to a specific version of the facts before it is in a position to do so." *Rosa*, 891 F.2d at 1066; *see also Shabazz*,

2012 WL 5334480, at *2.

**III.    DISCUSSION**

Ross requests the Government provide a bill of particulars which identifies: 1) all of Ross's attempts to obtain property by wrongful use of fear not listed in the indictment, 2) all statements/social media posts the Government will allege at trial Ross made, 3) what kind of fears other than economic fear Ross induced in K.D., 4) each alleged harmful act Ross engaged in between June 4, 2022 and August 13, 2024 which interfered with K.D.'s livelihood, and 5) what "truthful information" K.D. allegedly provided law enforcement. (Doc. 18, ¶¶ 1-5). According to Ross, he is permitted to request a bill of particulars despite not yet being arraigned, and he is entitled to a bill of particulars because the indictment lacks sufficient details for him to prepare a defense and avoid surprise at trial. (Doc. 19, at 2-4, 9-11). The Government counters that even though the federal rules contemplate that courts may order a bill of particulars prior to an arraignment, there is little guidance on pre-arraignment bills of particulars and "the unique circumstances of this case do not militate towards awarding the defendant additional information about his case." (Doc. 24, at 8). The Government further avers that Ross's request for a bill of particulars is without merit because the indictment provides sufficient information to allow Ross to prepare a defense and avoid surprise at trial. (Doc. 24, at 8-10).

Rule 7(f) specifically contemplates that a "defendant may move for a bill of particulars *before* or within 14 days after arraignment[.]" Fed. R. Crim. P. 7 (f) (emphasis added). While it is unusual for a defendant to move for a bill of particulars prior to arraignment, the plain language of Rule 7(f) states that a defendant has the right to do so. *See* Fed. R. Crim. P. 7 (f); *see also United States v. Serafini*, 7 F. Supp. 2d 529, 547 (M.D. Pa. 1998), *aff'd,* 167 F.3d 812 (3d

Cir. 1999) (stating "[a] motion for a bill of particulars may be made before the arraignment"). As such, the fact that Ross has yet to be arraigned is not a basis for denying his motion.

When analyzing a motion for a bill of particulars, courts must first analyze the indictment itself. *United States v. Moyer*, 674 F.3d 192, 203-04 (3d Cir. 2012) (noting that a bill of particulars is not warranted where an indictment is "sufficiently detailed"); *see also United States v. Aikens*, No. CR 22-119, 2025 WL 1101629, at *2 (W.D. Pa. Apr. 14, 2025) (analyzing the sufficiency of an indictments before determining whether a bill of particulars is warranted). If the indictment constitutes a concise statement of essential facts, a bill of particulars is not required even where the indictment fails to include "every fact to be alleged by the [G]overnment." *Moyer*, 674 F.3d at 203.

The indictment alleges that Ross has a history of harassing and threatening K.D. and that his social media posts and communications with K.D. constitute both a continuation of this behavior and an attempt to retaliate against K.D. for her cooperation with law enforcement. (Doc. 1). The indictment identifies the Northern District of New York cases in which Ross was previously convicted of stalking and extorting K.D. (Doc. 1, ¶¶ 3-6). The Government further asserts that Ross's "current charges are predicated[,] in part[,] upon Ross's previous campaign of extortion, intimidation, and retaliation." (Doc. 24, at 9). Based on this information, a bill of particulars is not warranted, as Ross has sufficient information to prepare a defense by reviewing his social media posts, communications regarding K.D., and prior court records. *See Tutis*, 216 F. Supp. 3d at 484 (noting that a district court should only grant a motion for a bill of particulars where it is necessary for a defendant to adequately prepare a defense and avoid surprise at trial); *see Urban*, 404 F.3d at 771-72 (noting the same).

Ross's motion also fails because his requests are discovery requests and requests for

the Government to disclose details of its theory of the case. (Doc. 18, at 1-2). Ross specifically asks the Government to provide the specific posts and communications that allegedly threatened K.D. and the specific ways, beyond economic fear, in which K.D. felt threatened. (Doc. 18, at 1-2). A bill of particulars is not a tool for a defendant to conduct "wholesale discovery of the [G]overnment's evidence. . . or compel disclosure of the details of the [G]overnment's theory of the case." *United States v. Nestor*, No. 3:09-CR-398, 2010 WL 3191888, at *5 (M.D. Pa. Aug. 11, 2010); *see Smukler*, 330 F. Supp. 3d at 1066 (noting that a bill of particulars is "not a discovery tool and is not meant 'to provide the defendant with the fruits of the [G]overnment's case'" (quoting *United States v. Knight*, No. CRIM.A. 12-0367, 2013 WL 3367259, at *2 (E.D. Pa. July 3, 2013))).

      Finally, Ross's motion fails because K.D.'s personal security weighs against ordering a bill of particulars. Ross requests specific information about how his conduct has made K.D. fearful, a list of communications and posts which K.D. allegedly found threatening, and the information K.D. provided law enforcement. (Doc. 18, at 1-2). According to the indictment, Ross has not only allegedly threatened and harassed K.D. in the past but has pleaded guilty to and been convicted of crimes associated with such conduct. (Doc. 1, ¶¶ 3-6). Given that this is not the first time that Ross has allegedly threatened and harassed K.D., the "personal security of witnesses" weighs heavily against granting Ross's motion. *Rosa*, 891 F.2d at 1066 (noting that courts consider the "personal security of witnesses" when evaluating a motion for a bill of particulars); *see Shabazz*, 2012 WL 5334480, at *2. (noting the same). Accordingly, the Court will deny Ross's motion for a bill of particulars.[1] (Doc. 18).

---

[1] The parties also dispute whether Ross is barred from seeking a bill of particulars under the fugitive disentitlement doctrine. (Doc. 19, at 4-9; Doc. 24, at 10-13). The Court need not

**IV.     CONCLUSION**

        Based on the foregoing, Ross's motion for a bill of particulars is **DENIED**. (Doc. 18).

An appropriate Order follows.


**Dated: December 22, 2025**                                          *s/ Karoline Mehalchick*
                                                                                        **KAROLINE MEHALCHICK**
                                                                                     **United States District Judge**

---

address this issue because Ross's motion fails on the merits. *See United States v. Westbrook*, No. 2:23-CR-00779, 2025 WL 3034055, at *2 (D.N.J. Oct. 30, 2025) (declining to address the fugitive disentitlement doctrine where a defendant's motion failed on the merits).